IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARRYL L. BROWN

    Petitioner,

v.                                              Case No. 5:23cv116/TKW/MAL

WARDEN PISTRO

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for writ of habeas corpus on May 1, 2023. ECF No. 2. Petitioner claimed he was entitled to the application of First Step Act credits and immediate release to pre-release custody. *Id.* at 3. At the time he mailed his petition, Petitioner was in custody at the Federal Correctional Institution in Marianna, Florida. *Id.* at 9.

On May 5, 2023, I entered an order directing Petitioner to either pay the $5.00 filing fee or file a motion to proceed in forma pauperis. ECF No. 4. Petitioner was instructed to comply on or before June 6, 2023, and he was warned that failure to timely comply with an order of the Court would result in a recommendation of dismissal of this case. He was also advised that he must immediately file a notice with the Court in the event of an address change, transfer or release from custody. The deadline elapsed without response from Petitioner.

On June 14, 2023, I issued an order directing Petitioner to show cause within fourteen days why this case should not be dismissed for Petitioner's failure to comply with a court order. ECF No. 5. The order provided that the show cause order would be discharged if Petitioner complied with the May 5, 2023 order within the time provided. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, the June 28, 2023 deadline elapsed without a response from Petitioner.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Additionally, the court has confirmed the Federal of Bureau of Prisons website indicates Petitioner is no longer in custody at FCI Marianna. https://www.bop.gov/inmateloc//. Instead, his location is listed as "Baltimore

RRM," which could indicate he has been released on home confinement. In either event, the petition is subject to dismissal.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on July 6, 2023.

> s/ *Midori A. Lowry*
> Midori A. Lowry
> United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.